IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL DUETT,
#R74587,

        Plaintiff,

v.

R. JOHNSON,
B. JOHNSON,
C. PIPIR,
J. VAUGHAN,
MS. WEAVER,
C/O PUCKETT,
LEHMAN,
DEBBIE BROOKHART,
JUSTIN HAMMERS,
L. JACKSON, and
K. NARETTO,[1]

        Defendants.

Case No. 20-cv-01354-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Darnell Duett, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Duett claims that Defendants failed to protect him from assault, after he was falsely identified as providing information to Internal Affairs Officers about another inmate. He seeks monetary damages.

    The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant

---

[1] The Clerk of Court is **DIRECTED** to correct the names of Defendants Vaughan ("Vaughad"), Justin Hammers ("Justin Hamming") and K. Naretto ("K. McBettic") in the docket. (*See* Doc. 1, p. 1, 5, 7, 14).

who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Duett alleges that on February 6, 2020, while he was housed at Lawrence Correctional Center ("Lawrence"), he was assaulted by other inmates. (Doc. 1, p. 7). He was attacked because Internal Affairs Officers R. Johnson and B. Johnson previously wrote a disciplinary report on another inmate, Tremaine, at Illinois River Correctional Center. (*Id.* at p. 7, 14). The disciplinary report falsely stated that Duett made a statement and provided information to the officers about Tremaine. (*Id.* at p. 7). Because of the disciplinary report, Duett was accused of being a "snitch" and put in danger. (*Id.*). Duett made Lawrence Correctional Officers Pipir, Vaughan, Weaver, and Puckett "aware of the situation," and they failed to protect him. Duett was assaulted on February 6, 2020. Warden Hammers of Illinois River Correctional Center, Warden Jackson, Warden Brookhart of Lawrence, Counselor Lehman, and Grievance Officer Naretto were aware that he was in danger and failed to do anything to protect him. (*Id.* at p. 7, 13). Duett claims he continued to be harmed "many times" by gang members at Lawrence and at Pontiac Correctional Center.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment claim against R. Johnson and B. Johnson for exposing Duett to a substantial risk of serious harm by falsely naming him in a disciplinary report as providing information on another inmate.

**Count 2:** Eighth Amendment claim against Pipir, Vaughan, Weaver, Puckett, Lehman, Brookhart, Hammers, Jackson, and Naretto for ignoring the threat to Duett's safety caused by the disciplinary report and failing to protect him from assault.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.** *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Counts 1 and 2

Duett alleges that by falsely identifying him as providing information to officers in the disciplinary report, R. Johnson and B. Johnson "accused him of being a snitch," putting him in danger. Then, Pipir, Vaughan, Weaver, Puckett, Brookhart, Hammers, Lehman, Jackson, and Naretto ignored the subsequent threat to his safety. He was assaulted on February 6, 2020, and continued to be assaulted at Pontiac and Lawrence Correctional Centers. These allegations are sufficient to allow Counts 1 and 2 to proceed. *See Wright v. Miller*, 561 F. App'x. 551, 555 (7th Cir. 2014); *Brown v. Narvais,* 265 F. App'x 734, 736 (10th Cir. 2008).

### OFFICIAL CAPACITY CLAIMS

Duett asks for monetary damages against Defendants in their official capacities and "in any other form the Court deems just." (Doc. 1, p. 10). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Because Duett only seeks monetary damages, the official capacity claims directed against these individuals will be dismissed with prejudice. Counts 1 and 2 will proceed against Defendants in their individual capacities only.

## MOTION FOR RECRUITMENT OF COUNSEL

Duett has filed a motion asking the Court to recruit counsel on his behalf. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Duett does not provide any details regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. He only states that he is a mental health patient designated as "SMI," and he "tried to seek counsel" and is need of help. (Doc. 3, p. 1). This statement does not show the reasonable effort required before seeking assistance from the Court. Should he choose to move for recruitment of counsel at a later date, the Court directs Duett to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

For the following reasons, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against R. Johnson and B. Johnson. **COUNT 2** will proceed against Pipir, Vaughan, Weaver, Puckett, Lehman, Brookhart, Hammers, Jackson, and Naretto. The Clerk of Court is **DIRECTED** to correct Defendants' names in the docket in accordance with footnote 1.

The Motion for Appointment of Counsel (Doc. 3) is **DENIED.**

The Clerk of Court shall prepare for **R. Johnson, B. Johnson, Pipir, Vaughan, Weaver, Puckett, Lehman, Brookhart, Hammers, Jackson,** and **Naretto**: (1) Form 5 (Notice of a

Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Duett, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Duett, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Duett is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b)

**IT IS SO ORDERED.**

**DATED:   September 27, 2021**

      *s/Stephen McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.